IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Lloyd Allen,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan,[*] et al.,<br><br>    Respondents. | No. CIV 08-0932-PHX-PGR (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, U.S. DISTRICT JUDGE:

    Robert Lloyd Allen filed a petition for writ of habeas corpus on May 15, 2008, challenging his convictions in Maricopa County Superior Court for sexual conduct with a minor, attempted child molestation, and attempted sexual conduct with a minor, and a 20-year term of imprisonment, followed by lifetime probation (Doc. #1). He raises four grounds for habeas relief: (1) ineffective assistance of counsel; (2) involuntary guilty plea; (3) double jeopardy violation and prosecutorial misconduct; and (4) excessive bail and cruel and unusual punishment. Respondents contend that the petition is untimely. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

    On May 19, 2003, following the entry of a guilty plea on May 13, 2003, Allen moved to withdraw from the plea; the trial court conducted an evidentiary hearing and found no

---

[*]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Charles L. Ryan, the Interim Director of the Arizona Department of Corrections, replaces Dora Schriro.

manifest injustice which would allow Allen to withdraw from the plea (Doc. #13, Exh B-E). On September 5, 2003, Allen was sentenced (*Id*., Exh F). As part of the proceeding, he signed a Notice of Rights of Review After Conviction and Procedure, indicating receipt of a copy of the notice explaining his right to seek post-conviction relief and the procedures to follow in exercising this right, including all applicable deadlines (*Id*., Exh CC). On October 16, 2003, Allen filed a notice of post-conviction relief (*Id*., Exh G). On April 14, 2004, counsel filed a notice indicating that he found no colorable claims, and requested that Allen be given additional time to file a *pro per* petition. Allen was given until June 3, 2004, to file a petition (*Id*., Exh H- J). On June 16, 2004, the trial court dismissed the Rule 32 proceeding because Allen failed to file a petition (*Id.*, Exh K).

On May 24, 2005, Allen filed a notice of post-conviction relief, contending that this petition was not filed in a timely manner because he "was not aware of the time frame." He also alleged that the public defender could not ethically represent him in post-conviction review because the office had represented him at trial (*Id*., Exh L). On June 27, 2005, the trial court dismissed the notice, finding the notice untimely, and that the claims were precluded because they should have been raised in the first post-conviction proceeding (*Id*., Exh M). Allen's petition for review filed in the Court of Appeals on November 18, 2005 was dismissed as untimely filed (*Id*., Exh N, O). Allen filed a third notice of post-conviction proceedings on January 20, 2006, maintaining that he had been effectively abandoned by appointed counsel as a result of counsel's finding no colorable claim (*Id.*, Exh P). Allen also raised issues of double jeopardy and sentencing errors (*Id.*). On January 30, 2006, the trial court dismissed the notice, finding it untimely, and that the claims were precluded because Allen should have raised them in his first post-conviction proceedings (*Id*., Exh Q).

On June 30, 2006, Allen filed a fourth notice of post-conviction relief, and a petition, alleging ineffective assistance of counsel (*Id*., Exh R, S). On July 24, 2006, the trial court dismissed the notice and petition, finding the claims precluded because Allen had failed to raise them in his first post-conviction proceeding (*Id*., Exh T). On September 20, 2006,

Allen filed a petition for review in the court of appeals; on August 8, 2007, the court of appeal denied review (*Id.*, Exh W, X). On August 21, 2007, he filed a motion in the court of appeals seeking a stay of the petition for review to further research the issue of whether Arizona had jurisdiction to file criminal charges against him. On August 28, 2007, the court of appeals denied the motion (*Id.*, Exh Y, Z). On September 10, 2007, Allen filed a petition for review in the supreme court; on December 7, 2007, the supreme court denied review (*Id.*, Exh AA, BB).

In order to be timely filed, Allen was required to file his federal petition within one year of the time his conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). However, because Allen pleaded guilty, he waived the right to seek direct review. He was entitled to bring an "of-right" post-conviction relief proceeding under Rule 32.1 of the Arizona Rules of Criminal Procedure. "The time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *See* § 2244(d)(2). In addition, the one-year limitations period did not begin to run until the conclusion of that proceeding, the review of that proceeding, "or the expiration of time for seeking such proceeding or review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).

Allen's one-year limitations period began running on July 17, 2004, upon the expiration of the time allowed under the rules for seeking review of the trial court's dismissal of his Rule 32 proceeding. A review of the Maricopa County Superior Court docket indicates that Allen had no "properly filed application[s] for state post-conviction" relief in state court during the one-year period between July 17, 2004 and July 17, 2005, when that period of limitations expired. His notice of post-conviction relief filed May 24, 2005, 314 days after the period of limitations began to run, did not toll the limitations period because the trial court found the notice untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005). In addition, the two notices of post-conviction relief filed in 2006 did not have any

effect on the limitations period that had already lapsed. These later notices were untimely and therefore not "properly filed." *See Pace*. In any event they could not "restart" the period once it had lapsed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, his federal petition, filed long after the expiration of the limitations period, is untimely. *See* § 2244(d)(1)(A).[1]

Finally, assuming that federal courts have the authority to create equitable exceptions to jurisdictional time limitations set by Congress, *see Bowles v. Russell*, 551 U.S. 205 (2007), Allen is not entitled to equitable tolling. He has not shown extraordinary circumstances beyond his control which made it impossible or him to timely file: that he diligently pursued his rights and that some "extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. at 418.

**IT IS THEREFORE RECOMMENDED** that Robert Lloyd Allen's petition for writ of habeas corpus be **denied** and **dismissed with prejudice** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate

---

[1]Allen argues in his Reply that sections 2244(d)(1)(B) and (D) control the running of the limitations period in his case. The Court disagrees. The failure of the State to provide reference materials on the Anti-Terrorism and Effective Death Penalty Act is not an "impediment" which prevented Allen from timely filing. In addition, the "inability of Petitioner to obtain his complete file and information of school records showing [the] victim was enrolled in school in California on the alleged date of the crime" does not entitle him to use the date upon which he received the materials as "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 7th day of July, 2009.

_____
David K. Duncan
United States Magistrate Judge